# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR RECONSIDERATION EN BANC

## NO. 03-08-00651-CV

**In re James Norton, Jr.**

## ORIGINAL PROCEEDING FROM BELL COUNTY

## D I S S E N T I N G   O P I N I O N

Because I believe that Norton's petition for writ of mandamus should be granted pursuant to *In re Poly-America, L.P.*, 262 S.W.3d 337 (Tex. 2008), I respectfully dissent from the denial of the motion for en banc reconsideration. In *In re Poly-America*, the Texas Supreme Court, reviewing an arbitration agreement related to a retaliatory discharge claim, held that an arbitration agreement covering statutory claims is invalid if it waives "the substantive rights and remedies the statute affords" and that because the retaliatory discharge statute allows claimants to seek reinstatement and punitive damages, a provision in the arbitration agreement waiving these remedies was unconscionable. *Id.* at 349, 352; *see also* Tex. Lab. Code Ann. § 451.002 (West 2006). While the court did allow the validity of the arbitration agreement's fee-splitting provision to be determined by the arbitrator, the retaliatory discharge statute contains no statutory right to any particular fee arrangement. *See id.* §§ 451.001-.003 (West 2006).

In the present case, Norton brings claims under certain usury provisions of the finance code and the Texas Debt Collection Act—statutes which specifically provide a right to attorney's fees. *See* Tex. Fin. Code Ann. §§ 349.001(a)(2), .002(b), .004(2), 392.403(b) (West 2006). Because Norton has a right to seek attorney's fees under the relevant statutes, the fee provisions of the arbitration agreement requiring Norton to bear his own costs are similar to the provisions waiving reinstatement and punitive damages in *In re Poly-America*. Where, as here, a statutory right has been waived in the arbitration agreement, the courts, rather than an arbitrator, should resolve questions of unconscionability. Accordingly, I respectfully dissent.

_____

Diane M. Henson, Justice

Filed: April 17, 2009

2